# IN THE COURT OF APPEALS OF IOWA

No. 17-1766
Filed October 10, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**VADIM IGOREVICH SHULTSEV,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Warren County, Kevin A. Parker,

District Associate Judge.


        A defendant appeals his convictions for driving while his license was

revoked.   **AFFIRMED.**


        Unes J. Booth of Booth Law Firm, Osceola, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee.


        Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**TABOR, Judge.**

Vadim Shultsev appeals two convictions for driving while license revoked. Those convictions followed guilty pleas. Before entering his pleas, Shultsev waived his right to counsel. Now Shultsev wishes to challenge the factual basis for his pleas. But he did not timely move in arrest of judgment, a necessary step to preserve error for a guilty-plea challenge. And because he represented himself, he cannot bypass the error preservation rule by claiming ineffective assistance of counsel. This predicament leads him to a novel argument. He invites us to expand the reach of *Schmidt v. State*, 909 N.W.2d 778 (Iowa 2018), by allowing him to raise an actual-innocence claim on direct appeal from those unchallenged guilty pleas.[1] We decline the invitation.

The State charged Shultsev with two separate violations of Iowa Code section 321J.21 (2016) for driving while revoked first in April 2016, and again in May 2016. Rather than seeking representation in these serious misdemeanor cases, Shultsev signed a waiver of his right to an attorney. In August, he reached an agreement with the State and pleaded guilty to both crimes. On the written plea forms, Shultsev filled in the following factual basis: "Drove while revoked as habitual offender." The deal provided for consecutive terms of sixty days in jail. In writing, Shultsev acknowledged the need to move in arrest of judgment to contest the guilty pleas and the consequences of not doing so.

---

[1] *Schmidt* grounded the right to a free-standing claim of actual innocence in the Iowa Constitution. *Id.* at 795. Given that grounding, if we could reach the merits of Shultsev's actual-innocence argument, we would engage in de novo review. *See Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016) (reviewing claims under article I, section 10).

When Shultsev failed to appear for sentencing in November, the court issued a warrant for his arrest. After that, he retained counsel. By then it was too late to move in arrest of judgment to challenge his guilty pleas.[2]

At sentencing, the State recommended the court impose the jail time bargained for in the plea agreement. The State reviewed Shultsev's prior offenses, noting his convictions for operating while intoxicated in 2011 and 2014, and his six driving-while-revoked offenses over ten years. Shultsev admitted his criminal history, but still asked for probation. The district court imposed consecutive terms of sixty days in jail for the two convictions. Shultsev now appeals those convictions and sentences.

Normally, Shultsev's guilty pleas would waive all defenses and objections not intrinsic to those pleas. *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). But as our court said in *State v. Kudron*, "This principle is subject to a significant asterisk." No. 17-0614, 2018 WL 2722784, at *1 (Iowa Ct. App. June 6, 2018).

The asterisk relates to *Schmidt's* recent changes to postconviction practice in Iowa. That case held "convicted defendants can attack their pleas when claiming actual innocence even if the attack is extrinsic to the pleas." *Schmidt*, 909 N.W.2d at 789–90 (overruling cases to the contrary). The *Schmidt* majority recognized a right under the Iowa Constitution for postconviction applicants to bring "freestanding claims of actual innocence" even if they have pleaded guilty.

---

[2] The deadline for moving in arrest of judgment is not later than 45 days after a guilty plea and, in any case, not later than five days before the date set for pronouncing judgment. Iowa R. Crim. P. 2.24(3)(b). After being appointed, counsel filed motions in arrest of judgment and to extend the deadline, but the district court denied both, finding Shultsev received an adequate explanation of the above requirement. On appeal, Shultsev concedes his motion was untimely.

*Id.* at 795. Although the vehicle for raising the claim in *Schmidt* was a postconviction-relief action, the court did not limit convicted defendants to that route. *Id.* at 798 ("We emphasize sections 822(1)(a) and (d) are not the exclusive vehicles to bring freestanding actual-innocence claims because applicants may file such claims independently of chapter 822.").

Here, Shultsev contends "direct appeal is an appropriate vehicle for bringing a freestanding actual-innocence claim, particularly where the record below clearly fails to establish a factual basis for a guilty plea. No action is required to preserve error for review on direct appeal of a freestanding actual innocence claim." Shultsev argues no factual basis exists to support his convictions. He alleges the State charged him with "the wrong crimes" and he is actually innocent of the charged offenses. He asks that we vacate his sentences and remand for dismissal of the charges.[3]

The State begs to differ. Distinguishing *Schmidt* as a case of preserved error,[4] the State insists we cannot hear a challenge to the factual basis for Shultsev's guilty pleas because he did not timely move in arrest of judgment. *See* Iowa Rs. Crim. P. 2.8(2)(d), 2.24(3)(a) (barring appellate challenges to guilty pleas when defendant fails to file a proper motion in arrest of judgment); *see State v. Barnes,* 652 N.W.2d 466, 468 (Iowa 2002) (holding defendant failed to preserve error by not moving in arrest of judgment when informed failure to do so would bar

---

[3] Shultsev did not timely raise an actual-innocence claim in the district court and does not ask on appeal for a remand to present evidence supporting such a claim. These circumstances distinguish this case from *State v. Bendickson*, No. 18-0229, also decided today.

[4] *See id.* at 781 ("An applicant filed a postconviction-relief action claiming he was actually innocent although he knowingly and voluntarily pled guilty to the charged crimes.").

any challenge to his plea on appeal); *see also State v. Worley*, 297 N.W.2d 368, 370 (Iowa 1980) ("Where the trial court informs the defendant of this procedural requirement, we will not hesitate to preclude challenges to plea proceedings on appeal.").

The State is right. *Schmidt* did not erase the long-standing error-preservation requirement for guilty-plea appeals. True, *Schmidt* left the door open to applicants filing actual-innocence claims outside the postconviction chapter. 909 N.W.2d at 798. But that dicta did not contemplate such claims being raised for the first time on appeal from an uncontested guilty plea.

The court explained "both parties are entitled to their day in court to litigate their positions under the new standard we have adopted today." *Id.* at 800. That new standard places the burden on the applicant to "show by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict the applicant of the crimes for which the sentencing court found the applicant guilty in light of all the evidence . . . ." *Id.* at 797. In remanding Schmidt's actual-innocence claim to the district court for further development, the supreme court recognized: "Only after the parties develop a record in [at least] a summary proceeding can the court decide if a genuine issue of material fact exists." *Id.* at 800. These passages from *Schmidt* compel the conclusion the majority expects applicants to raise actual-innocence claims first at the district court, not on appeal from an otherwise uncontested guilty plea.

Shultsev's request on appeal deviates from the expectations in *Schmidt.* Because he did not timely challenge his guilty plea before the district court and a direct appeal from an uncontested guilty plea is not a viable vehicle to introduce a

claim of actual innocence, we cannot reach the merits of Shultsev's factual-basis challenge.  But even if we overlooked Shultsev's failure to preserve error, "[a]t this stage, we simply have a bare allegation unsupported by evidence or affidavits." *See Kudron*, 2018 WL 2722784, at *2.  The plea record does not satisfy Shultsev's burden to show by clear and convincing evidence that no reasonable fact finder could convict him of driving while barred under Iowa Code section 321J.21.  On this record, we decline to address the merits of Shultsev's claim.

**AFFIRMED.**